Filed 10/4/21  P. v. Andrus CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075354 |
| v. | (Super.Ct.No. SWF1700596) |
| RYAN GEORGE ANDRUS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Steven G. Counelis, Judge.  Affirmed with directions.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Ryan George Andrus of inflicting corporal injury on a child resulting in a traumatic condition and misdemeanor child endangerment.  (Pen. Code,

1

§§ 273a, subd. (b), 273d, subd. (a); unlabeled statutory citations refer to the Pen. Code.) Andrus argues that the trial court violated his constitutional right of confrontation by precluding cross-examination of the investigating officer on a particular topic. He also argues that the court erred under section 654 by imposing a concurrent sentence on the misdemeanor child endangerment count. We agree with Andrus's sentencing argument and direct the court to correct the sentencing minute order. We otherwise affirm.

BACKGROUND

I. *Trial Evidence*

One day in August 2017, seven-year-old Jane Doe arrived at school with a scratch on her forehead, a bruise on her face, and red marks on her neck. She told the investigating social worker that her father, Andrus, was angry and threw a stool at her, and the stool hit her in the face. He also strangled her, threw her against the wall and to the floor, and said that he hated her. The social worker checked Doe's body for other injuries and found a red mark on her back. Doe said that all of her injuries came from Andrus. A sheriff's deputy, a child abuse pediatrician, and a forensic interviewer also interviewed Doe, and Doe described some or all of the same acts of abuse to them. She also told the forensic interviewer that Andrus had kicked her in the back. Doe testified at trial that Andrus threw her, strangled her, and kicked her in the back. The pediatrician opined that Doe's injuries were consistent with Doe's account of the abuse by Andrus.

Andrus testified in his own defense. He denied that he strangled Doe, thew her, or said that he hated her. He said that he tripped over the stool and moved it out of the way, but he denied throwing the stool at Doe. He claimed that he did nothing to injure her on

2

the date in question. According to Andrus, Doe reported that a teacher had strangled her in May 2017. He said that Doe had come home from school with red marks before, and he had received notes from her teacher about Doe getting into fights.

Andrus had an August 2015 conviction for child endangerment. (§ 273a, subd. (a).) On the date of that offense, he hit Doe in the face during an argument with his mother. His mother called 911 and reported the incident, and the prosecutor played the audio recording of the call for the jury. Andrus testified that he accidentally hit Doe when he was intoxicated and threw his hands up during the argument. He said that he pled guilty to child endangerment because he failed to properly secure firearms in the house.

In the People's rebuttal case, the prosecutor played the video recording of Andrus's interview with Investigator Robert Cornett of the Riverside County Sheriff's Department. Andrus denied injuring Doe and said that he threw the stool out of the way, but it did not hit her. The investigator testified that the marks on Doe's neck were consistent with strangulation.

II. *Andrus's Motion to Admit Impeachment Evidence Concerning the Investigator*

Before trial, Andrus moved to admit evidence of "prior acts of dishonesty" by Investigator Cornett. Specifically, Andrus wanted to cross-examine the investigator about his alleged involvement in a "cheating scandal" at the sheriff's department. Andrus based the motion on an article published by The Desert Sun in February 2018.

The article reported that numerous sheriff's department employees had cheated on the department's promotional exam by sharing questions and answers. The newspaper

3

declined to identify most of the employees implicated in the cheating scandal "because the internal affairs documents obtained by the newspaper [were] incomplete." The documents summarized the internal affairs investigation but did not include the conclusions as to each employee, so it was unclear which employees, if any, had violated department policies. But Investigator Cornett was among the few employees named in the article. According to the article, the investigator used his personal email account to send four coworkers suggested answers to exam questions. The investigator told internal affairs that he was responding to a deputy's request for advice on how to respond to hypothetical scenarios; he did not realize that the scenarios were exam questions. The article reported that "[i]nternal affairs appeared to doubt the truthfulness" of the investigator's explanation.

Andrus argued that the evidence was relevant to disprove the truthfulness of the investigator's testimony. The People argued that the court should exclude the evidence under Evidence Code section 352.

The court noted that it was concerned with the accuracy and probative value of the newspaper article. The court explained: "And it's hard to know, and by this particular article, whether it is a full and fair description of the events, whether it's one which shades the facts one way or the other. . . . So I have concerns because this story in and of itself is not going to be admissible." The court observed that the article gave Andrus a good faith basis to file a motion under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 for discovery of information in the investigator's personnel file, but Andrus did not file such a motion. Further, the article failed to state that an official source had found the

4

investigator's conduct to be unlawful or improper, and there was no reported finding of misconduct against the investigator. The court denied Andrus's motion under Evidence Code section 352, ruling that "the probative value of the inquiry based on that article" was substantially outweighed by the undue consumption of time and the substantial danger of undue prejudice.

DISCUSSION

I. *Restriction on Cross-Examination of Investigator Cornett*

Andrus argues that the court violated his constitutional right of confrontation by precluding him from cross-examining Investigator Cornett about the claimed cheating scandal. He further argues that the violation constituted reversible error. We disagree.

"[T]he routine application of provisions of the state Evidence Code law does not implicate a criminal defendant's constitutional rights." (*People v. Jones* (2013) 57 Cal.4th 899, 957.) "In particular, notwithstanding the confrontation clause, a trial court may restrict cross-examination of an adverse witness on the grounds stated in Evidence Code section 352." (*People v. Quartermain* (1997) 16 Cal.4th 600, 623 (*Quartermain*); accord *People v. Brown* (2003) 31 Cal.4th 518, 545 [exclusion of impeachment evidence under Evidence Code section 352 "generally does not contravene a defendant's constitutional rights to confrontation and cross-examination"].) "A trial court's limitation on cross-examination pertaining to the credibility of a witness does not violate the confrontation clause unless a reasonable jury might have received a significantly different impression of the witness's credibility had the excluded cross-examination been permitted." (*Quartermain*, *supra*, at pp. 623-624.)

The court did not violate Andrus's right of confrontation here. The court's ruling involved a routine application of Evidence Code section 352, and Andrus does not argue that the court abused its discretion under that section. The court's routine and proper application of the Evidence Code did not implicate Andrus's constitutional rights.

Moreover, Andrus fails to show that a reasonable jury would have formed a significantly different impression of the investigator's credibility if Andrus had cross-examined the investigator about the cheating allegations. He states in a conclusory manner that the cross-examination "would have significantly altered the jury's impression of Cornett's credibility," but he does not explain how or why. That conclusory assertion does not carry Andrus's burden of demonstrating error. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 ["Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error"].)

Even if the court's ruling had violated Andrus's right of confrontation, any error was harmless beyond a reasonable doubt. (*Delaware v. Van Arsdall* (1986) 475 U.S. 673, 684.) Whether a confrontation clause violation was harmless depends on a host of factors, including "the importance of the witness'[s] testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." (*Ibid.*)

First, Andrus does not identify any other respect in which the court restricted his cross-examination of the investigator. Second, the investigator's testimony was only a small part of the People's case. He opined that Doe's neck injuries were consistent with strangulation. But that testimony was cumulative: The child abuse pediatrician also testified that Doe's injuries were consistent with strangulation. The investigator additionally testified that he arranged Doe's forensic interview and that he interviewed Andrus. But he did not testify about the substance of those interviews. Rather, the People played the recordings of those interviews for the jury.

Third, the People's case against Andrus was strong. Doe consistently recounted the abuse to the investigating social worker, the deputy, the forensic interviewer, the pediatrician, and the jury. Andrus also had a prior conviction for child endangerment. He denied that he committed the abuse in this case and suggested that a teacher or someone else at school inflicted Doe's injuries, so the case turned on whether the jurors believed Doe or Andrus. But the impeachment of the investigator had nothing to do with Doe's or Andrus's credibility. For all of these reasons, any constitutional violation was harmless beyond a reasonable doubt.

In sum, we reject Andrus's argument that the court violated his constitutional right of confrontation. He fails to show a violation, and any violation was harmless beyond a reasonable doubt.

II. *Section 654*

Andrus argues that the court erred by imposing a concurrent sentence on count 2. He asserts that counts 1 and 2 were based on the same course of conduct, so the court was required to stay the sentence on count 2. We agree.

"Section 654 precludes multiple punishment for a single act or omission, or an indivisible course of conduct." (*People v. Deloza* (1998) 18 Cal.4th 585, 591.) The section precludes "either concurrent or consecutive sentences." (*Id.* at p. 592.) If section 654 applies, the court should impose the sentence for one conviction and then impose but stay the sentence for the other conviction. (*Ibid.*)

Here, the amended information stated that count 2 was "a different offense from but connected in its commission with the charge set forth in count 1." The probation report asserted that section 654 did not apply to counts 1 and 2 because "they were two separate instances that occurred at different times." The People's sentencing memorandum asserted that the probation report was wrong. The memorandum stated that "the counts were charged as alternatives for the same course of conduct. Thus, any sentence in Count 2 should be run concurrently to Count 1."

On count 1 (inflicting corporal injury on a child), the trial court sentenced Andrus to a six-year split sentence, consisting of four years in county jail and two years on mandatory supervision. (§ 1170, subd. (h); *People v. Camp* (2015) 233 Cal.App.4th 461, 464, fn. 1.) On count 2 (misdemeanor child endangerment), the court stated that it was sentencing Andrus to "180 days, to be served concurrent with Count 1, pursuant to [section] 654." And as to Count 2, the sentencing minute order states: "Sentenced to

8

Riverside County Jail for the term of 180 days. [¶] Count 02 to run Concurrent. [¶] County jail sentence may be served at any Penal Institution. [¶] [Section] 654 stay granted on Count(s) 02."

The court appeared to agree with the People that section 654 applied. Accordingly, the court should have stayed Andrus's sentence on count 2 and should not have imposed a concurrent sentence. The People concede the error on appeal and acknowledge that their sentencing memorandum incorrectly advised the court to impose a concurrent sentence. We therefore direct the trial court to clarify the sentencing minute order so that the sentence on count 2 is stayed.[1]

---

[1] The court did not prepare an abstract of judgment, so there is no abstract to correct.

DISPOSITION

On remand, the trial court shall correct the sentencing minute order by deleting any reference to Andrus's sentence on count 2 running concurrently; the minute order should reflect that the sentence on count 2 is stayed. The court shall forward a certified copy of the corrected minute order to the Riverside County Sheriff's Department. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ        

J.

We concur:

MILLER        

      Acting P. J.

RAPHAEL        

      J.