Filed 5/2/22  P. v. Osborne CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PAMELA OSBORNE,<br><br>Defendant and Appellant. | B307802<br><br>(Los Angeles County<br>Super. Ct. No. A023071) |

APPEAL from an order of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

In 1981, defendant and appellant Pamela Osborne pleaded nolo contendere to the second degree murder of Benjamine Quiroz (Pen. Code, § 187[1]) and the trial court sentenced her to 15 years to life in state prison.  On May 29, 2019, defendant filed a petition for resentencing pursuant to section 1170.95.  After an evidentiary hearing, the court denied the petition.  On appeal, defendant contends the court failed to state the burden of proof it used to consider the prosecution's evidence and erred in admitting into evidence her probation report and the transcript of her May 3, 2012, parole hearing during which she admitted she was the actual killer.  We affirm.

# II.    BACKGROUND[2]

A.    *Facts*

At her 2012 parole hearing, defendant testified she first saw Quiroz in a liquor store "flashing" his money in an "arrogant fashion."  Quiroz was apparently intoxicated and asked her for a date.

---

[1]    All statutory references are to the Penal Code unless otherwise stated.

[2]    Because defendant pleaded nolo contendere and there was no trial, we base our recitation of facts on the transcript of defendant's 2012 parole hearing which, as we explain below, the trial court properly admitted in evidence.

Defendant and her companion Peggy Fridli devised a plan to rob Quiroz. Fridli was to engage in a sexual act with Quiroz; defendant was going along as Fridli's friend. They got into Quiroz's car and drove to a liquor store to get change. When they got there, Fridli left with a $100 bill Quiroz had given her—defendant speculated that "was enough for her"[3]—leaving defendant alone with Quiroz.

Quiroz was upset that Fridli had left, and was "going to take it out of [defendant's] ass for [her] friend robbing him [of $100]." Quiroz, who was armed with a small pistol, drove defendant to a motel. Defendant convinced him to leave the pistol in his car.

Defendant went into a motel room with Quiroz where he knocked her down a couple of times. She told him to stop, saying that she was going into the bathroom to clean up, as if she was agreeable to having sex with him.

Once in the bathroom, defendant removed a disassembled, sawed-off shotgun from her waistband and shotgun shells from her pocket. She assembled and loaded the shotgun. She then exited the bathroom and pulled the shotgun on Quiroz. She took Quiroz's pants—they were already off—and told him she was leaving. She thought that taking his pants would prevent him from following her.

Defendant ran, but Quiroz came after her. Quiroz chased defendant for about eight blocks. They ended up in an alley where defendant stopped and shot Quiroz from a distance of about six to eight feet. She did not check on Quiroz's condition

---

[3] Defendant supposed that Quiroz and Fridli had discussed a price for the sexual act, but she did not "hear the actual [amount]."

3

after she shot him and threw the shotgun and Quiroz's pants into a nearby bush. The money was not in Quiroz's pants.

B.    *Procedure*

In 1981, the District Attorney of Los Angeles County filed an information charging defendant and Joe Mary Castro with Quiroz's murder and robbery (§ 211). The information alleged the murder was committed while in the commission of a robbery. (§ 190.2, subd. (a)(17).) On September 8, 1981, defendant pleaded nolo contendere to second degree murder.

On May 29, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. On June 13, 2019, the trial court appointed counsel to represent defendant and set a briefing schedule for the District Attorney's response and defendant's reply.

After the parties filed their briefs, the trial court issued an order to show cause "in an abundance of caution . . . in case anybody wishe[d] to supplement the record with oral argument . . . ." At the evidentiary hearing, the District Attorney argued that defendant was ineligible for section 1170.95 resentencing. The court could "review the record of conviction in this case and summarily deny it." The District Attorney further argued that the records it submitted showed defendant was the actual killer.

Defense counsel responded, "The two exhibits that the District Attorney's Office filed is—the way I read the motion—is asking this court to consider both the probation report and the parole hearing transcripts as part of the conviction to conclude that [defendant] does not qualify. That is where my objection lies."

4

The trial court denied defendant's section 1170.95 petition, stating, "I do not think that she qualifies under that code section."

## III. DISCUSSION

### A. *Burden of Proof*

In her opening brief, in connection with her argument that the trial court's error in admitting her probation report and 2012 parole hearing transcript was not harmless, defendant argues that the prosecution's burden was proof beyond a reasonable doubt. Without claiming error, she notes that the court "made no comment on . . . the standard applied in denying the petition." The Attorney General treats defendant's burden of proof argument as a claim of error and defendant then claims error in her reply brief.[4] Defendant's argument is unavailing.

It is an appellant's burden to affirmatively demonstrate error. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) In denying defendant's section 1170.95 petition the trial court simply stated, "[The section] 1170.95 [petition] is denied at this time. I do not think that she qualified under that code section." Defense counsel did not ask the court to clarify the standard it used in making its ruling. Because the court did not state the

---

[4] Ordinarily, we do not consider issues raised for the first time in a reply brief (*People v. Tully* (2012) 54 Cal.4th 952, 1075 ["It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party"]), but will do so here as the Attorney General has briefed the issue.

burden of proof it applied in considering the evidence, defendant cannot affirmatively demonstrate the court applied an incorrect standard.

B.    *Evidentiary Error*

Defendant contends the trial court erred in admitting into evidence her probation report and the transcript of her 2012 parole hearing.[5]  We disagree.

1.    Section 1170.95

Section 1170.95 "creates a procedure for convicted murderers who could not be convicted under the law as amended [§§ 188, subd. (a)(3), 189, subd. (e)] to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  Where a petitioner files a section 1170.95 petition that contains all of the statutorily required information and requests counsel, the trial court must appoint counsel and order briefing.  (*Id.* at p. 966.)  The court then evaluates whether the petitioner has made a prima facie showing that she is eligible for relief.  (*Id.* at p. 960.)  In making this evaluation, a court may rely on the record of conviction.  (*Id.* at pp. 971–972.)

If the petitioner has made a prima facie showing, the trial court "shall issue an order to show cause."  (§ 1170.95, subd. (c).)

---

[5]    Because we hold the trial court properly admitted defendant's 2012 parole hearing transcript which established that she was the actual killer and thus not eligible for section 1170.95 resentencing, we need not decide whether it properly admitted her probation report.

The court must then hold a hearing "to determine whether to vacate the murder . . . conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).)

"At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code. . . . The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens. A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1170.95, subd. (d)(3).)

2. <u>Analysis</u>

a. Record of conviction

Defendant contends the 2012 parole hearing transcript is not part of the "record of conviction." Defendant's contention is misguided. A trial court may consider a petitioner's "record of conviction" in determining whether the petitioner established a prima facie case. (*Lewis, supra,* 11 Cal.5th at pp. 971–972.) Even if it is not a part of the record of conviction, however, the 2012 parole hearing transcript is "new or additional evidence" under section 1170.95, subdivision (d)(3). (*People v. Myles* (2021) 69 Cal.App.5th 688, 697–703 [the transcript of a parole suitability hearing is admissible as "new evidence" under section 1170.95, subdivision (d)(3)] (*Myles*).)

b. Rights to due process and against self-incrimination

Defendant contends the admission of the 2012 parole hearing transcript violated her rights to due process and against self-incrimination.[6]

---

[6] In her reply brief, defendant notes that Senate Bill No. 775, which the Governor signed on October 5, 2021, and became effective on January 1, 2022, amended section 1170.95, subdivision (d)(3) to reflect that the Evidence Code governs the admissibility of evidence at an order to show cause evidentiary hearing. She does not, however, identify any Evidence Code section she claims the trial court violated in admitting the parole hearing transcript.

Defendant's due process argument essentially is that "it is fundamentally unfair to penalize an inmate's exercise of [her] right to be heard at a [parole] hearing focused on [her] insight into [her] life crime by permitting the prosecution to use the inmate's statements made at the hearing at a subsequent criminal proceeding focused on establishing the inmate's criminal liability for that same life crime." But, as defendant concedes, she was not compelled to admit her responsibility for the crime during her parole hearing and it is not fundamentally unfair to admit that testimony during a resentencing proceeding the defendant voluntarily initiates that bears on some of the same issues. (*People v. Anderson* (Apr. 28, 2022, No. A162633) ___ Cal.App.5th ___ [2022 WL 1261422 at *6–7] (*Anderson*); *Myles, supra*, 69 Cal.App.5th at p. 706.)

Further, although we are uncertain whether the Legislature envisioned, in enacting and amending section 1170.95, that statements an inmate makes during a parole hearing would be the sort of new evidence a prosecutor may offer to meet his or her burden of proof, there is no statutory bar on the use of such statements. We express some concern that a collateral consequence of the holdings in *Anderson, supra*, ___ Cal.App.5th ___, *Myles, supra,* 69 Cal.App.5th 688, and our opinion today is that inmates may be reticent to discuss their commitment offense during parole hearings for fear of prejudicing their ability to seek relief under unanticipated ameliorative criminal legislation. That may make it more difficult for the Board of Parole Hearings (the Board) to judge an inmate's "insight." Absent further legislative action concerning the use of parole statements, courts will need to enforce scrupulously existing law that bars the Board from conditioning the

availability of parole on an inmate's willingness to discuss the crime(s) of conviction.

"The Fifth Amendment privilege against self-incrimination protects persons from being compelled by "'governmental coercion'" to serve as witnesses against themselves in "'any *criminal case.*'" (*People v. Tom* (2014) 59 Cal.4th 1210, [1222–1223] . . . , italics added.) A section 1170.95 hearing, however, "'is not a trial *de novo* on all the original charges." [Citation.] Rather, it is a *postconviction* proceeding "due to the Legislature's inclusion of section 1170.95 in Senate Bill No. 1437 . . . , [as] an 'act of lenity' [citation], allowing for the retroactive application of the new law governing accomplice liability for felony murder [citation] for defendants already serving valid sentences for murder.'" ([*People v.*] *Williams* [(2020)] 57 Cal.App.5th [652,] 661, quoting *People v. Wilson* [(2020)] 53 Cal.App.5th [42,] 53; see, e.g., *People v. Anthony* [(2019)] 32 Cal.App.5th [1102,] 1156 [§ 1170.95 petitioners do not have 6th Amend. trial rights].) Because a sentence modification under section 1170.95 is an act of lenity and not a criminal trial, the wrongful admission of evidence does not implicate defendant's constitutional rights under the Fifth Amendment." (*Myles, supra*, 69 Cal.App.5th at pp. 705–706; *Anderson, supra*, ___ Cal.App.5th ___ [2022 WL 1261422, at *14–15].)

Defendant was the actual killer and therefore is ineligible for section 1170.95 resentencing as a matter of law. (§ 189, subd. (e)(1); *Lewis, supra*, 11 Cal.5th at p. 959 ["the Legislature passed Senate Bill [No.] 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer . . .'"]; *People v. Garrison*

(2021) 73 Cal.App.5th 735, 744 ["as the actual killer, [the defendant] is ineligible for resentencing under section 1170.95"].)

## IV.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:


RUBIN, P. J.


BAKER, J.

11