Filed 2/27/23  P. v. Jackson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ARTIS JACKSON,<br><br>Defendant and Appellant. | C095059<br><br>(Super. Ct. No. 20FE015094)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed in this case on January 30, 2023, be modified as follows:

On page 8, Discussion part II, remove first full paragraph and replace with the following:

Defendant next contends his trial counsel violated defendant's Sixth Amendment right to effective counsel because (A) he did not object earlier to P.A.'s in-court identification of defendant, he should have objected to the identification procedure used at trial, and he should have asked the trial court to use an alternative identification procedure; (B) he did not object earlier to P.A.'s testimony about past incidents of defendant breaking into Lisa's residence in the middle of the night; (C) he did not object to the testimony of a law enforcement officer recounting what she heard others say about the incident; and (D) he did not ask the trial court to instruct the jury it could not infer defendant's guilt from defendant's prior bad acts.

On page 10, after the last full paragraph beginning with "In any event," insert the following new paragraph:

Defendant further claims his trial counsel should have objected to the identification procedure used at trial and should have asked the trial court to use an alternative identification procedure, such as having defendant sit in the audience. (See *Moore v. Illinois* (1977) 434 U.S. 220, 230, fn. 5 [54 L.Ed.2d 424] [suggesting trial counsel could ask that defendant be seated in audience during identification].) As with the claim that trial counsel should have made a timely lineup request, this ineffective assistance of counsel contention fails because it is not reasonably probable defendant would have received a more favorable result if counsel had requested an alternative identification procedure. (*Strickland, supra*, 466 U.S. at p. 691.) As noted, Lisa, defendant's former girlfriend, identified defendant as the assailant in her 911 call.

This modification does not change the judgment.

The petition for rehearing is denied.

2

FOR THE COURT:


     /S/
MAURO, Acting P. J.


     /S/
KRAUSE, J.


     /S/
BOULWARE EURIE, J.

Filed 1/30/23  P. v. Jackson CA3 (unmodified opinion)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095059 |
| v. | (Super. Ct. No. 20FE015094) |
| ARTIS JACKSON, | |
| Defendant and Appellant. | |

Defendant Artis Jackson broke into his former girlfriend's residence and robbed the former girlfriend's current boyfriend.  A jury convicted him of first degree robbery and other crimes and the trial court sentenced him to 16 years in prison, consisting of the upper term of six years for the robbery and 10 years for personal use of a firearm.

Defendant now contends (1) the trial court abused its discretion in admitting some evidence, (2) his trial counsel was ineffective in certain respects, (3) the errors and deficiencies resulted in cumulative prejudice, and (4) recent developments in sentencing law require remand for resentencing.  Finding merit in the fourth contention, we will affirm the convictions but vacate the sentence and remand the matter for resentencing.

1

BACKGROUND

P.A. was dating Lisa S. P.A. stayed at Lisa's residence one night and awoke to screaming in the other room. P.A. went into the room where he heard the screaming and saw defendant with a gun. P.A. had never seen defendant before. Defendant told P.A. to get down. P.A. got down on his knees, and defendant took P.A.'s sterling silver necklace. Defendant also hit P.A. in the head with the gun, causing P.A. to bleed. P.A. escaped through a sliding glass door. Defendant also left the residence, and Lisa called 911 and identified defendant, her former boyfriend, as the assailant.

The People intended to call Lisa as a witness at the trial to identify defendant. However, she failed to appear for the trial. Nevertheless, the jury convicted defendant of first degree robbery (Pen. Code, §§ 211, 212.5, subd. subd. (a)),[1] assault with a firearm (§ 245, subd. (a)(2)), and assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)). As to each count, the jury found defendant personally used a firearm. (§§ 12022.53, subd. (b); 12022.5, subd. (a).)

The trial court sentenced defendant to an aggregate term of 16 years in prison.

We will provide additional background in the Discussion as relevant to the contentions on appeal.

DISCUSSION

I

Defendant contends the trial court abused its discretion in admitting evidence of (A) Lisa's 911 call made soon after the incident, (B) Lisa's statement during the 911 call that defendant had previously kicked in the door, and (C) Deputy Codi Lopez's recounting of Lisa's account of the incident.

---

[1] Undesignated statutory references are to the Penal Code.

2

"The trial court has broad discretion in decisions relating to the admission of evidence. We review the court's evidentiary decisions under the deferential abuse of discretion standard. (See, e.g., *People v. Thomas* (2011) 51 Cal.4th 449, 488; see also Evid. Code, § 352.) Evidence is relevant if it has any tendency in reason to prove or disprove a disputed fact. (Evid. Code, § 210.)" (*People v. Loza* (2012) 207 Cal.App.4th 332, 345.)

The appellant bears the burden of showing both abuse of discretion in admission of the evidence and prejudice resulting from admission. (*People v. Albarran* (2007) 149 Cal.App.4th 214, 225 (*Albarran*); Cal. Const., art. VI, § 13.)

A

According to defendant, it was an abuse of discretion to admit evidence of the 911 call made by Lisa S. as a spontaneous statement under Evidence Code section 1240.

"Evidence Code section 1240 provides that '[e]vidence of a statement is not made inadmissible by the hearsay rule if the statement' '[p]urports to narrate, describe, or explain an act, condition, or event perceived by the declarant' and '[w]as made spontaneously while the declarant was under the stress of excitement caused by such perception.' '[T]he basis for the circumstantial trustworthiness of spontaneous utterances is that in the stress of nervous excitement, the reflective faculties may be stilled and the utterance may become the instinctive and uninhibited expression of the speaker's actual impressions and belief.' [Citation.] [¶] 'To be admissible, "(1) there must be some occurrence startling enough to produce . . . nervous excitement and render the utterance spontaneous and unreflecting; (2) the utterance must have been before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance; and (3) the utterance must relate to the circumstance of the occurrence preceding it." ' " (*People v. Lynch* (2010) 50 Cal.4th 693, 751-752 (*Lynch*), abrogated on other grounds by *People v. McKinnon* (2011) 52 Cal.4th 610.)

"Because the second admissibility requirement, i.e., that the statement was made before there was ' "time to contrive and misrepresent," ' 'relates to the peculiar facts of the individual case more than the first or third does [citations], the discretion of the trial court is at its broadest when it determines whether this requirement is met.' [Citation.]" (*Lynch, supra*, 50 Cal.4th at p. 752.) "In considering admissibility under this requirement, the court considers a variety of factors to determine the mental state of the declarant. [Citation.] These factors include the length of time between the startling occurrence and the statement, whether the statement was blurted out or made in response to questioning, how detailed the questioning was, whether the declarant appeared excited or frightened, and whether the declarant's 'physical condition was such as would inhibit deliberation.' [Citations.]" (*Ibid.*) As with other evidentiary questions, we review the trial court's admission of evidence as a spontaneous hearsay statement for an abuse of discretion only. (*People v. Merriman* (2014) 60 Cal.4th 1, 65.)

Before trial, the People moved to admit evidence of Lisa's 911 call, arguing it was a spontaneous statement under Evidence Code section 1240. The defense, assuming Lisa would be testifying in the trial, did not object to the motion to admit, and the trial court granted the motion. However, the next day, the defense noted that Lisa would not be testifying and raised objections to admission of the redacted 911 call. The trial court considered again the motion to admit the redacted 911 call and, after argument from the parties, again ruled the 911 call was admissible as a spontaneous statement.

When we review a trial court's ruling concerning admission of evidence, we consider only the evidence before the court when it made its ruling. (*People v. Hartsch* (2010) 49 Cal.4th 472, 491.) Defendant cites evidence introduced later in the trial in his appellate argument, but we will not consider that evidence in determining whether the trial court abused its discretion.

The People's motion to admit the 911 call gave the following factual background: "[Lisa S.] called 911 immediately after [defendant] attacked [P.A.], while everyone was

4

under stress of excitement as she described the attack that had just occurred. [Lisa S.] called [911] as soon as she was able to. That is, as soon as and immediately after [d]efendant fled the scene."

At the trial court hearing, defense counsel argued against admission of Lisa's 911 call by noting that she made the call about five minutes after defendant left. Defense counsel argued that meant the stress of the event was over and Lisa had time to think and create a story. Defendant argues on appeal that the trial court failed to evaluate Lisa's mental state, claiming the trial court "did not appear to conduct any inquiry into the mental state of [Lisa S.]." In addition, defendant argues there were no signs of distress presented to the trial court; he claims Lisa did not sound frantic on the 911 call, her statements were deliberate and not rushed, it did not sound like she was crying, she was able to pause and think about her answers to questions the 911 operator asked. According to defendant, Lisa sounded more annoyed than excited.

The passage of five minutes after the robbery and assault did not necessarily mean that Lisa's 911 call was less trustworthy. (*People v. Clark* (2011) 52 Cal.4th 856, 926.) We presume the trial court fulfilled its duty, even if it did not place its reasoning for admission of the evidence on the record. (Evid. Code, § 664.) And, as defendant concedes, Lisa's tone of voice was not the only factor for the trial court to consider. Speaking coherently and in response to questions is not necessarily inconsistent with spontaneity. (*People v. Poggi* (1988) 45 Cal.3d 306, 319.)

Defendant speculates that Lisa may not have been very upset about the incident because defendant had been violent before. But such speculation does not satisfy defendant's burden to show the trial court abused its discretion. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)

Because the trial court was in the best position to determine the trustworthiness of Lisa's 911 call and because defendant has not established a clear abuse of the trial court's broad discretion, defendant's abuse of discretion contention lacks merit.

5

Defendant further claims admission of the 911 call violated his due process rights. However, proper admission of evidence under state rules of evidence generally does not violate a defendant's constitutional rights. (*People v. Lucas* (1995) 12 Cal.4th 415, 464.)

B

During the 911 call, Lisa told the 911 operator that she could not lock the door to her apartment because defendant had previously kicked in the door. Defendant contends the trial court abused its discretion by not redacting that statement from the 911 call.

Before trial, defendant moved generally to exclude evidence of his prior bad acts as character evidence under Evidence Code section 1101, subdivision (a). The trial court granted the motion, subject to revisiting the issue if needed during trial. As noted, defendant did not originally object to admission of Lisa's 911 call, but the defense later objected when it was learned Lisa would not be testifying. Concerning the statement about defendant previously kicking in the door, defense counsel objected because it referenced a past event and would be prejudicial to defendant. The trial court ruled that the statement was admissible under Evidence Code section 352.

On appeal, defendant contends the statement about kicking in the door was not a spontaneous statement because it referred to a previous incident. He further contends the statement was inadmissible as character evidence under Evidence Code section 1101, subdivision (a). And defendant contends defense counsel provided ineffective assistance of counsel if the issue was forfeited. The People respond that defendant forfeited these objections because they were not specifically raised with respect to the statement that defendant had kicked in the door. The People also argue the statement was not inadmissible character evidence and was admissible under Evidence Code section 352.

We need not consider each of the various arguments of the parties concerning admissibility and forfeiture because defendant fails to show that admission of the particular statement was prejudicial. Under either analysis -- improper admission of evidence or ineffective assistance of counsel -- defendant must establish prejudice.

6

(*Albarran, supra*, 149 Cal.App.4th at p. 225 [prejudice from admission of evidence]; *People v. Williams* (1988) 44 Cal.3d 883, 937 (*Williams*) [prejudice from ineffective assistance of counsel].)

According to defendant, identity was the only issue in this case, and thus the statement was extremely prejudicial because it painted defendant as a dangerous person who had previously broken into the apartment and therefore was likely responsible this time. But Lisa identified defendant, her former boyfriend, as the assailant during the 911 call. The fact that Lisa also said defendant had previously kicked in the door did not contribute to Lisa's identification or make it any more likely the jury would rely on the statement about kicking in the door to conclude defendant was the assailant. It was not reasonably probable defendant would have obtained a more favorable result if the evidence had not been admitted. (*Albarran, supra*, 149 Cal.App.4th at p. 229 [state law standard for determining prejudice]; *Williams, supra*, 44 Cal.3d at p. 937 [standard for determining prejudice when counsel is ineffective].)

Having failed to show prejudice from the admission of Lisa's statement during the 911 call that defendant previously kicked in the door, defendant fails to establish reversible error on this contention.

C

During Detective Lopez's testimony, she recounted that she was dispatched to Lisa's residence on the morning of the incident. She testified: "Dispatch relayed to us that the reporting party's ex-boyfriend kicked down her front door to get money and a chain, and the new boyfriend ran out the back door and had -- was no longer -- neither men were at the location any longer." Defense counsel did not object to this testimony. Later in Deputy Lopez's testimony, the prosecutor asked what Lisa had told Deputy Lopez. Defense counsel objected on hearsay grounds. The prosecutor stated that the testimony was being elicited for its effect on the listener, not for the truth of the matter asserted. The trial court overruled the objection, and Deputy Lopez recounted that Lisa

7

told her defendant kicked in her door, pointed a gun at P.A., took a chain from P.A., hit P.A. in the face, pointed the gun at Lisa, threatened to kill her, and exited the residence.

Defendant now contends Deputy Lopez's summary of Lisa's statements to her was not admitted solely for their effect on the hearer or to explain Deputy Lopez's later actions. He further contends the testimony was prejudicial because it effectively repeated the events recounted in Lisa's 911 call and P.A.'s testimony and added "an extra air of reliability as it was relayed through a police officer, which is the kind of testimony a jury reasonably would credit with additional weight."

We conclude that, even if Deputy Lopez's testimony concerning what Lisa told her was inadmissible hearsay, its admission was merely cumulative to the properly admitted 911 call and P.A.'s testimony identifying defendant as the assailant. The statements were not the result of Deputy Lopez's own observations of the crimes. It is not reasonably probable defendant would have obtained a more favorable result if the testimony had been excluded. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II

Defendant next contends his trial counsel violated defendant's Sixth Amendment right to effective counsel because (A) he did not object earlier to P.A.'s in-court identification of defendant, (B) he did not object earlier to P.A.'s testimony about past incidents of defendant breaking into Lisa's residence in the middle of the night, (C) he did not object to the testimony of a law enforcement officer recounting what she heard others say about the incident, and (D) he did not ask the trial court to instruct the jury it could not infer defendant's guilt from defendant's prior bad acts.

"To establish ineffective assistance of counsel, a defendant must show (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant. (*Strickland [v. Washington* (1984) 466 U.S. 668, 688, 691-692 [80 L.Ed.2d 674]]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217.) To establish prejudice, a defendant must

8

show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland, supra*, at pp. 693-694; *Ledesma, supra*, at pp. 217-218.) 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' (*Strickland, supra*, at p. 694.) [¶] There is no need to address the issue of whether counsel's performance was deficient when we can dispose of an ineffective assistance of counsel claim on the ground of lack of prejudice. (*In re Fields* (1990) 51 Cal.3d 1063, 1079.)" (*People v. Nilsson* (2015) 242 Cal.App.4th 1, 26.)

On direct appeal "we may reverse 'only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.' " (*People v. Arredondo* (2019) 8 Cal.5th 694, 711.)

A

Defendant claims his trial counsel should have objected earlier to P.A.'s in-court identification of defendant. Before trial, it was expected that Lisa would testify and identify defendant, her former boyfriend, as the assailant. On the first day of trial, when it became apparent Lisa would not appear for trial and with the jurors waiting, defense counsel objected to P.A. identifying defendant in court "due to the fact that [P.A.] has never been asked to identify who attacked him on that day. He was never given a lineup by law enforcement personnel at the scene or shortly thereafter. [¶] He was never shown a six-pack of photos throughout the year in which this event transpired. And his entire -- his idea of the person who did this to him is extremely vague, as he indicated it is a black male with a gun. [¶] He has offered no distinguishing -- or any characteristics, not even dress, things of that nature. And the extent of his knowledge is basically based off of a hearsay statement from [Lisa] who won't even be here." Defense counsel requested an Evidence Code section 402 hearing to have a lineup and test P.A.'s ability to identify defendant, but the trial court denied the request because trial had already started.

9

The trial court directed the People to inquire of P.A. whether he could make an identification in court before asking him to identify defendant.

During questioning of P.A., the prosecutor asked if P.A. could see the assailant in the courtroom. P.A. looked around the courtroom. The prosecutor asked the trial court to have defendant take off his glasses and mask. The trial court asked defendant to lower his mask. P.A. said: "Well, now that the mask is down and the glasses are [re]moved, yes, I do [see the assailant]." He then identified defendant. Later in P.A.'s testimony, he said he had discussed with Lisa that the assailant was her former boyfriend but that he also remembered "seeing his face."

Defendant now argues trial counsel should have made a timely request for a lineup identification procedure under *Evans v. Superior Court* (1974) 11 Cal.3d 617, 625 [requiring the People upon timely request to do a lineup when identification is a material issue].) And defendant contends the failure to make a timely request constituted ineffective assistance of counsel. We disagree. When it appeared Lisa would testify, the identification of defendant as the assailant was a foregone conclusion. Therefore, trial counsel had no good reason to invoke *Evans* and request a lineup to see if P.A. could identify defendant. After it was too late to request an *Evans* lineup, Lisa defied the trial court's subpoena and failed to appear on the day of trial. We disagree that trial counsel's failure to predict Lisa's absence constituted deficient representation. Defendant's contention that failing to request a timely *Evans* lineup constituted ineffective assistance of counsel fails on the deficient representation prong of the analysis. (*Strickland v. Washington, supra*, 466 U.S. at p. 690 (*Strickland*).)

In any event, Lisa identified defendant as the assailant through her 911 call, which was introduced at trial. Thus, defendant also did not suffer prejudice from the failure to request a timely *Evans* lineup. (*Strickland, supra*, 466 U.S. at p. 691.)

10

B

Defendant also contends trial counsel was ineffective in failing to object earlier to P.A.'s testimony about defendant's past acts of breaking into Lisa's residence in the middle of the night.

P.A. testified to the relationship between Lisa and defendant -- how defendant previously showed up at Lisa's residence in the night and broke into the residence several times. Some of this testimony was elicited by defense counsel.

Defendant now argues defense counsel should not have elicited such testimony and should have objected, on grounds of inadmissible hearsay and character evidence, when the prosecutor asked questions about it. Defendant claims the testimony was prejudicial because it tended to prove defendant's character for breaking into the residence in the middle of the night and, therefore, was relevant to the identification of defendant as the assailant in this case.

Even if trial counsel did not have some reasonable tactic for allowing this evidence, the matter of his identity as the assailant was established by Lisa's 911 call and P.A.'s in-court identification. It is not reasonably probable defendant would have obtained a more favorable result in the absence of P.A.'s testimony about prior incidents. (*Strickland, supra*, 466 U.S. at pp. 693-694.)

C

Defendant further contends trial counsel was ineffective in failing to object to the testimony of a law enforcement officer recounting what she heard others say about the incident.

Deputy Lopez was the responding officer on the morning of the incident in this case. Defendant asserts two points addressed by Deputy Lopez in her testimony were highly prejudicial and should have drawn an objection from defense counsel: that Deputy Lopez had been to the residence in the past on domestic violence calls, and that P.A. had related to Deputy Lopez that defendant had problems with drugs. Defendant

11

argues introduction of that testimony without an objection from defense counsel constituted ineffective assistance because the testimony was inadmissible character evidence or hearsay. He claims Deputy Lopez's testimony "about prior contacts and drug use only worked to paint [defendant] as an abusive ex-boyfriend, familiar to law enforcement, who also had drug problems."

We disagree that the testimony was highly prejudicial in this case. As defendant argues on appeal, the main question for the jury was whether defendant was the one who entered Lisa's residence and robbed P.A. It is unlikely the jury, who heard that Lisa had identified defendant in the 911 call and who observed P.A.'s in-court identification of defendant, relied on Deputy Lopez's testimony to conclude the assailant was defendant. It is not reasonably probable defendant would have obtained a more favorable result in the absence of Deputy Lopez's testimony. (*Strickland, supra*, 466 U.S. at pp. 693-694.) We therefore need not consider whether trial counsel's representation was deficient.

D

In addition, defendant claims his trial counsel was ineffective in failing to request an instruction that the jury could not infer defendant's guilt from his prior bad acts. Once again, we conclude this contention fails on the prejudice prong of the analysis. Defendant acknowledges identity was the only real question in his trial. The prior bad act evidence -- kicking in the door, having drug problems, and so forth -- could not have contributed substantially to Lisa's identification of defendant in her 911 call and P.A.'s in-court identification. It is not reasonably probable defendant would have obtained a more favorable result if the jury had been instructed not to infer defendant's guilty from his prior bad acts. (*Strickland, supra*, 466 U.S. at pp. 693-694.) We therefore need not consider whether trial counsel's representation was deficient.

III

According to defendant, the asserted trial court errors and trial counsel deficiencies cumulatively caused prejudice requiring reversal. (*People v. Hill* (1998)

12

17 Cal.4th 800, 844 [appellate court must consider cumulative impact of errors].) Defendant argues the asserted errors and deficiencies "built upon each other throughout the trial" to "allow a doubtful juror to reach a guilty verdict." We disagree. Most importantly, Lisa's 911 call identifying defendant as the assailant powerfully resolved the issue of identity as she clearly knew him as her former boyfriend and no reasonable argument can be made that Lisa fabricated the information given in the call. And, as we have concluded, Lisa's 911 call was properly admitted. Defendant proposes no persuasive argument the jury would have rejected this identification if the other asserted errors and deficiencies were absent. Under these circumstances, there was no miscarriage of justice, and we conclude any asserted errors or deficiencies did not contribute to the verdict against defendant beyond a reasonable doubt. (See *People v. Woods* (2006) 146 Cal.App.4th 106, 117 [standard for reversible prejudice when federal constitutional error asserted].)

IV

Defendant contends the sentence must be vacated and the matter remanded for resentencing under Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3), which limited the circumstances under which a trial court may impose upper-term sentencing (§ 1170, subd. (b)(2)), and under *People v. Tirado* (2022) 12 Cal.5th 688, which held a trial court may impose an uncharged lesser section 12022.53 enhancement when striking or dismissing a greater section 12022.53 enhancement. The People agree we should vacate the sentence and remand for resentencing under Senate Bill No. 567; however, they disagree that *Tirado* applies under the circumstances of this case.

After the court pronounced judgment and while this appeal was pending, Senate Bill No. 567 became effective. (Stats. 2021, ch. 731, § 1.3.) It "amended section 1170, subdivision (b), to specify that, when a sentencing court chooses a term from a statutory triad, the chosen term shall not exceed the middle term, unless the facts supporting the aggravating circumstances are (1) established by the defendant's stipulation to them,

13

(2) proven to a jury (or to a court, if jury is waived) beyond a reasonable doubt, or (3) based on prior convictions evidenced by a certified record of conviction." (*People v. Jones* (2022) 79 Cal.App.5th 37, 44 (*Jones*).)

Among other things, the trial court imposed the upper term of six years for robbery. The aggravating circumstances the trial court used to impose the upper term included that the crime involved great violence; there was great bodily harm; there was a threat of great bodily harm; the crime involved a high degree of cruelty, viciousness, and callousness; defendant was armed during the crime; the victim was particularly vulnerable; the crime was carried out with planning, sophistication, and professionalism; and defendant had numerous prior convictions. (Cal. Rules of Court, rule 4.421.)

The People acknowledge Senate Bill No. 567 is retroactive and that the trial court relied on circumstances in aggravation that did not comply with the current version of the law. We agree. We will vacate the sentence and remand for resentencing. (*Jones, supra*, 79 Cal.App.5th at pp. 45-46.)

The trial court also imposed an additional 10 years for personal use of a firearm under section 12022.53, subdivision (b). Defendant asserts the trial court, on remand, may consider striking the 10-year section 12022.53 enhancement and imposing, instead, an enhancement under section 12022.5, subdivision (a), which provides for an enhancement of three, four, or 10 years for personal use of a firearm. The People respond that the language of section 12022.53 does not allow for imposition of a section 12022.5 enhancement instead of the enhancement under section 12022.53. On remand for resentencing, the parties may assert arguments in the trial court to the extent they are available in light of *People v. Johnson* (2022) 83 Cal.App.5th 1074, review granted December 14, 2022, S277196, and other current law.

## DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for full resentencing consistent with current law. In all other respects, the judgment is affirmed.

14

Following resentencing, the trial court shall prepare an amended abstract of judgment, as appropriate, and forward the amended abstract to the Department of Corrections and Rehabilitation.

                                                        /S/
                                                        MAURO, Acting P. J.

We concur:

       /S/
KRAUSE, J.

       /S/
BOULWARE EURIE, J.

15