Filed 7/17/24  P. v. Perez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>ELIJAH ELOJIO PEREZ,<br><br>　Defendant and Appellant. | F087004<br><br>(Super. Ct. No. PCF317388A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Stephen V. Drew, Judge.  (Retired Judge of the Tulare Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Poochigian, J. and Detjen, J.

In an information filed September 22, 2015, the Tulare County District Attorney charged defendant with attempted murder (count 1; Pen. Code, §§ 664, 187, subd. (a)),[1] assault with a deadly weapon (count 2; § 245, subd. (a)(1)), and active participation in a criminal street gang (count 3; § 186.22, subd. (a).) The information further alleged that counts 1 and 2 were committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)), that defendant suffered two prior convictions for which he served a prison term as described in section 667.5, and that defendant had been convicted of three felonies under section 1203, subdivision (e)(4).

A jury convicted defendant on all counts and found true the gang enhancements. Defendant admitted the prior prison term allegation. (*People v. Perez* (Dec. 7, 2022, F082332) [nonpub. opn.].) Defendant was sentenced to 15 years to life on count 1, which was to run consecutively to his sentence in another case. The court also imposed and stayed (§ 654) terms of four years on count 2 plus five years for the gang enhancement, and three years on count 3.

Defendant appealed, and this court issued an opinion on December 7, 2022. We reversed defendant's conviction for active participation in a criminal street gang, as well as the gang enhancements. The prosecution was permitted to decide whether to retry that count and enhancements. We affirmed the judgment in all other respects.

On June 12, 2023, defendant filed a petition pursuant to former section 1170.95. That section was renumbered to section 1172.6, which we will use going forward. Defendant asserted that he could not presently be convicted of attempted murder because of changes made to sections 188 and 189 effective January 1, 2019. (See § 1172.6, subd. (a)(3).) Defendant sought an evidentiary hearing. The People opposed the request.

---

[1] All further undesignated statutory references are to the Penal Code unless otherwise stated.

On September 29, 2023, the court denied defendant's request. Defendant now appeals that denial.

## DISCUSSION[2]

### I. Defendant Has Failed to Carry His Burden of Establishing Error

"[A] judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) Defendant has raised no claims of error on appeal. Consequently, the presumption of correctness prevails, and we affirm the court's order.

Counsel has asked that we "independently review the entire record on appeal" to determine whether prejudicial error occurred. We decline to do so. As we notified defendant via an order in this case on April 22, 2024, "Our Supreme Court has determined that independent *Wende* review is not required for appeals from the denial of Penal Code section 1172.6 petitions. (*People v. Delgadillo* (2022) 14 Cal.5th 216.)" (Some italicization removed). Defendant filed a four-sentence letter that raised no claims of error.

Because defendant has not carried his burden of demonstrating error on appeal, we affirm.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

---

[2] Defendant asserts that the facts of the underlying offense are irrelevant and declined to summarize them. We agree and do the same.