Filed 2/26/25  P. v. Melara CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ERICK A. MELARA,<br><br>     Defendant and Appellant. | B334089<br><br>(Los Angeles County<br>Super. Ct. No. TA069237) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Affirmed.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2004, Erick Melara and a codefendant were convicted of two counts of premeditated first degree murder and one count of attempted willful, deliberate, and premeditated murder. In 2022, Melara filed a petition for resentencing under Penal Code section 1172.6.[1] The trial court denied the petition at the prima facie stage, finding that Melara was ineligible for relief as a matter of law because he was not convicted on any theory of murder or attempted murder that is no longer valid. We agree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Conviction

In 2004, Melara was tried with codefendant Rafael Ferguson. The following facts are taken from the nonpublished appellate opinion affirming their convictions, *People v. Melara* (Jan. 24, 2006, B175116).

> "Both defendants were members of the Compton Varrio 155 gang (CV 155). Defendants committed the charged murder and attempted murder to avenge the shooting of two men, including defendant Melara's brother, which had occurred in the CV 155's neighborhood.
>
> During the morning of March 21, 2003, defendant Ferguson drove to the home of Gustavo Gonzalez, a fellow CV 155 member. In Gonzalez's white car, the two went to a trailer park. There, Gonzalez retrieved an assault rifle, which he gave to defendant Ferguson. The two men then picked up defendant Melara and drove to defendant Ferguson's home. Defendant Ferguson retrieved an assault rifle, which he gave to defendant Melara.

---

[1]    All undesignated section references are to the Penal Code.

Gonzalez drove them to the territory of the rival Barrio 13 gang. In front of a home, they saw three members of the Barrio 13 gang (Juan Guzman, Aniba Garcia, and Jesus Saldana) working on a car. Defendant Ferguson said: 'Bust a bitch. There they are.' Gonzalez made a U-turn with the car and stopped his vehicle in front of the house. Defendant Ferguson, who was seated in the front passenger seat, rolled down the window. From inside of the car, defendants Ferguson and Melara (who was seated in the rear passenger seat) fired 20 to 30 rounds at the three men. At one point, defendant Melara shouted '155.' The attack killed Guzman and Garcia. Saldana, wounded in both legs, survived."[2]

(*People v. Melara, supra*.)

"Within an hour, a witness identified Gonzalez's car to the police." (*People v. Melara, supra*.) Gonzalez "gave the police detailed information about the crimes," then testified for the prosecution at trial. (*Ibid*.) Two assault rifles were found in Melara's home, and "[b]allistics evidence established that the shell casings found both at the shooting and in Gonzalez's car were fired from these two assault rifles." (*Ibid*.)

The jury instructions included CALJIC Nos. 3.00,[3] defining principals; 3.31, requiring the jury to find specific intent; 8.10,

---

[2]    We include this summary of facts from Melara's direct appeal for informational purposes only; we do not rely on these facts in resolving this appeal.

[3]    After Melara and Ferguson's trial, CALJIC No. 3.00 was changed to clarify the culpability of one accused of aiding and abetting murder.  Here, Melara was not tried as an aider or abettor, and therefore the change is not relevant to his claims on appeal.

defining murder as an unlawful killing with malice aforethought; 8.11, defining malice aforethought; 8.20, defining willful, deliberate, and premeditated murder; 8.30, defining unpremeditated murder of the second degree; 8.66, defining attempted murder as requiring malice aforethought; 8.67, defining willful, deliberate, and premeditated attempted murder; 17.00, requiring separate findings for each defendant; and various instructions regarding special circumstances and firearm enhancements.  The jury was not instructed on theories of felony murder or natural and probable consequences.

The jury convicted both Melara and Ferguson of two counts of first degree murder with the special circumstance of multiple murder.  (§§ 187, subd. (a), 190.2, subd. (a)(3)).  For each defendant, the jury found that the murders were willful, deliberate, and premeditated, and that each defendant personally and intentionally discharged a firearm, causing death to each victim. (§ 12022.53, subd. (d).)  The jury also convicted Melara and Ferguson of one count each of attempted willful, deliberate, and premeditated murder.  (§§ 664/187, subd. (a).)  On the attempted murder counts, the jury found that each defendant personally and intentionally discharged a firearm, causing great bodily injury.  The jury further found that all crimes were committed for the benefit of a street gang. (§ 186.22, subd. (b)(1).)  The court sentenced each defendant to an aggregate term of life without possibility of parole plus 125 years to life.  (*People v. Melara, supra.*)  This court affirmed the convictions on direct appeal. (*Ibid*.)

4

**B.    Section 1172.6 petition**

On June 10, 2022, Melara filed a petition for resentencing under former section 1170.95, now section 1172.6.[4] On the form document, he checked the box stating, "I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." Counsel was appointed for Melara.

The People filed an opposition, attaching copies of the jury instructions given at trial, the completed verdict forms, and the opinion from Melara's direct appeal. The People pointed out that the verdict forms showed that on the two murder counts, the jury found both Melara and Ferguson guilty of first degree murder, that the offenses were willful, deliberate, and premeditated, and that each defendant personally and intentionally discharged a firearm, causing death. The jury also found both Melara and Ferguson guilty of attempted murder, that the offense was willful, deliberate, and premeditated, and that each defendant personally and intentionally discharged a firearm in the commission of the offense. The People argued that Melara's jury was not instructed on the natural and probable consequences doctrine, felony murder, or any other theory that allowed the jury to impute malice to Melara. Rather, the only legal option for the jury to convict Melara was as a direct perpetrator who committed the crimes with actual malice.

Melara's counsel filed a reply brief stating that Melara met the prima facie burden under section 1172.6. The brief was a form document that did not address anything specific to the case.

---

[4]    Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.)

5

At the hearing on the petition, which also addressed a petition for resentencing filed by Ferguson, the parties submitted on the briefing. The court stated that based on the jury instructions given at trial, Melara and Ferguson were ineligible for resentencing because they were not convicted on any theory of murder that is no longer valid.[5] Melara timely appealed.

## DISCUSSION

Under section 1172.6, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts" if "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a) and (a)(3).)

To be eligible for relief under section 1172.6, a petitioner must first make a prima facie showing that the petitioner could not presently be convicted of murder or attempted murder under changes to these theories of murder liability. (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v.*

---

[5] The trial court also stated that defendants were convicted on an aiding and abetting theory. The parties agree that this statement was erroneous.

*Lewis* (2021) 11 Cal.5th 952, 971.) "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong, supra*, 13 Cal.5th at p. 708.) We review de novo a trial court's dismissal at the prima facie stage. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

Melara acknowledges that the prosecution's only theory at trial was that Melara "acted as a direct perpetrator, not as an aider and abettor." He admits that the prosecutor told the jury that Melara "pulled the trigger," and "it was never suggested that [Melara] was an aider or abettor rather than a direct perpetrator." Thus, Melara states that he "was charged and tried as a direct perpetrator," as one of two "triggermen," which "was the prosecution's only option, given the evidence."

In Melara and Ferguson's trial, the jury was instructed on murder with malice aforethought (CALJIC Nos. 8.10 and 8.11), deliberate and premeditated murder (CALJIC No. 8.20), and attempted murder, including the requirement of malice aforethought (CALJIC No. 8.66). The jury was not instructed about the natural and probable consequences doctrine or felony murder, and the parties agree that Melara was not prosecuted under those theories. "A petitioner is ineligible for section 1172.6 relief as a matter of law if . . . jurors were not instructed on any theory of liability affected by Senate Bill 1437's changes to sections 188 and 189." (*People v. Allen* (2023) 97 Cal.App.5th 389, 395.) The jury found that Melara and Ferguson both committed first degree murder; that each murder was willful, deliberate, and premeditated; that the attempted murder was willful, deliberate, and premeditated; and that each defendant

7

personally and intentionally discharged firearms, causing death to two victims and great bodily injury to the third.

Thus, the verdict demonstrates that the jury necessarily determined that Melara was the actual killer and that he harbored malice aforethought. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 55.) For all three counts, Melara's "intent to kill was actually litigated and necessarily decided" by the jury. (*People v. Curiel* (2023) 15 Cal.5th 433, 452.) Such a finding is "generally preclusive in section 1172.6 proceedings." (*Curiel, supra*, 15 Cal.5th at p. 453; citing *Strong, supra*, 13 Cal.5th at p. 710.).

Melara nevertheless imagines a scenario in which the jury disregarded the instructions, found that Ferguson harbored malice, then imputed Ferguson's malice to Melara and convicted Melara on that basis. He points to instruction CALJIC No. 3.00, defining "principals," which as given at trial stated, "Persons who are involved in committing or attempting to commit a crime are referred to as principals in that crime. Each principal, regardless of the extent or manner of participation is equally guilty. Principals include: 1. Those who directly and actively commit or attempt to commit the act constituting the crime, or 2. Those who aid and abet the commission or attempted commission of the crime."

Melara argues that "CALJIC No. 3.00 amounts to an instruction that [Melara] could have been guilty of [murder and attempted murder] based merely on his involvement in the offense[s] and Ferguson's mental state." Melara asserts that CALJIC No. 3.00 does not require a "principal" to have any particular mens rea. Thus, the jury could have found that Ferguson harbored malice, then decided that Melara was

8

"equally guilty" without making any mens rea finding as to Melara.

Notably, Melara cites no legal authority in support of his contention. The Attorney General's brief also fails to address Melara's contentions about CALJIC No. 3.00, and instead discusses the jury's firearm findings. We therefore sent counsel a letter before oral argument asking the parties to be prepared to discuss whether Melara has forfeited this argument, and to address case law relevant to imputed malice relating to CALJIC No. 3.00.

There is ample California case law (some of which is discussed below) addressing whether the "equally guilty" language in CALJIC No. 3.00 and in similar instruction CALCRIM No. 400 allows a jury to impute one defendant's malice to another defendant. At oral argument, Melara's counsel acknowledged that he was aware of these cases before he filed the opening brief, but he intentionally did not cite them because he expected that the Attorney General would do so, and then he could "shoot them down in reply." The Deputy Attorney General stated at oral argument that he did not address Melara's argument about CALJIC No. 3.00 because in his estimation the argument was "irrelevant" and his proposed alternate basis for affirmance was "the cleanest, easiest way to affirm."

This approach represents poor appellate advocacy on both sides. California Rules of Professional Conduct, rule 3.3(a) states that a lawyer shall not "make a false statement of fact or law to a tribunal," nor "fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client." (See also *In re Reno* (2012) 55

9

Cal.4th 428, 510[6] ["Attorneys are officers of the court and have an ethical obligation to advise the court of legal authority that is directly contrary to a claim being pressed"].) Comment 4 on Rule of Professional Conduct 3.3 states, "The duties stated in paragraphs (a) and (b) apply to all lawyers, including defense counsel in criminal cases." In addition, legal arguments in briefs must be supported by citation to authority when possible. (Cal. Rules of Court, rules 8.204(a)(1)(B) and 8.360(a).) Moreover, the duty of a respondent is to *respond* to the opening brief. Although a respondent asserting an alternative basis for affirmance can be appropriate, simply disregarding <u>the primary argument in the</u> opening brief never is.

Here, the parties ignored arguments and relevant legal authorities they did not want to address, and instead focused only on their own preferred positions. As such, neither party met their obligations to the court. "'Counsel should not forget that they are officers of the court, and while it is their duty to protect and defend the interests of their clients, the obligation is equally imperative to aid the court in avoiding error and in determining the cause in accordance with justice and the established rules of practice.'" (*In re C.F.* (2011) 193 Cal.App.4th 549, 559, quoting *Furlong v. White* (1921) 51 Cal.App. 265, 271.) We trust that in the future, counsel will endeavor to better fulfill these essential obligations.

As the appellant, Melara has forfeited his argument. "Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v.*

---

[6]      *In re Reno* was superseded by statute on other grounds as stated in *In re Friend* (2021) 11 Cal.5th 720, 728.

*Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) To that end, an appellant's brief "should contain a legal argument with citation of authorities on the points made," and if it does not, "the court may treat it as waived, and pass it without consideration." (*People v. Hovarter* (2008) 44 Cal.4th 983, 1029.) Because Melara failed to support his legal argument with relevant authority, it is waived.

Even if we were to consider the merits of Melara's argument, it is meritless. "CALJIC No. 3.00 'generally stated a correct rule of law. All principals, including aiders and abettors, are "equally guilty" in the sense that they are all criminally liable.'" (*People v. Daveggio and Michaud* (2018) 4 Cal.5th 790, 846; see also *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 433.)[7] The Supreme Court has rejected arguments that the "equally guilty" language in CALJIC No. 3.00 allows a jury to attribute one defendant's state of mind to another— especially in a case like this one, in which both defendants were direct perpetrators and were charged with the same offenses. In *People v. Amezcua and Flores* (2019) 6 Cal.5th 886, for example, the court considered similar challenges to CALJIC No. 3.00. The court stated, "Because the circumstances of this case reflected defendants' joint participation in the offenses at issue with the required intent to kill, the trial court did not err in giving the jury the unmodified CALJIC No. 3.00. Neither the evidence nor

---

[7] Although there was concern that the instruction "'could be misleading if the principals in a particular case might be guilty of different crimes and the jury interpret[ed] the instruction to preclude such a finding'" (*Daveggio and Michaud, supra,* 4 Cal.5th at p. 846), that was not the case here, where Melara and Ferguson were both charged with and convicted of two counts of first degree murder and one count of attempted murder of the same three victims.

11

any theory of defense argued at trial or cited in the briefs suggested that Amezcua and Flores entertained different states of mind rendering them guilty of different crimes." (*Id.* at p. 918.) The court further noted that "CALJIC No. 17.00, also given here, requires the jury to decide each defendant's guilt separately." (*Id.* at p. 919.) The Supreme Court's reasoning applies equally to this case.

Similar challenges to CALJIC No. 3.00, as well as parallel instruction CALCRIM No. 400, were rejected in *People v. Daveggio and Michaud, supra,* 4 Cal.5th at p. 846 (rejecting the defendants' argument that CALJIC No. 3.00 "incorrectly permitted the jury to convict them on the basis of the culpability of the direct perpetrator of the charged crimes, without considering whether they shared the perpetrator's wrongful intent"); *People v. Johnson* (2016) 62 Cal.4th 600, 638-639 (rejecting the defendant's argument that "equally guilty" language in CALCRIM No. 400 "violated his state and federal constitutional rights to due process because it allowed the jury to convict him of first degree murder based on the mental state of the perpetrator, without considering defendant's own mental state"); and *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 935 (rejecting a challenge to CALCRIM No. 400 in the section 1172.6 context, in part because "[a]fter the Supreme Court's 2001 decision in [*People v. McCoy* (2001) 25 Cal.4th 1111, 1118], it was unmistakable that a direct aider and abettor's 'mental state is her own; she is liable for her mens rea, not the other person's'").

Moreover, as Melara acknowledges, there was no suggestion at his trial that he was an aider or abettor. Thus, under the language of CALJIC No. 3.00, Melara could only be a

12

principal if he "directly and actively" committed murder or attempted murder. The jury was further instructed with CALJIC No. 8.10, which stated that for the two murder counts the jury must find that "the killing was done with malice aforethought." In CALJIC No. 8.20, the jury was instructed that in order to find the crimes deliberate and premeditated, each defendant "must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, [he] decides to and does kill." And in CALJIC No. 17.00, the jury was instructed that it must "decide separately whether each of the defendants is guilty or not guilty."

Thus, the trial court clearly instructed the jury it would have to find that Melara intended to kill in order to convict him of first degree murder and willful, deliberate, and premeditated attempted murder; the jury instructions did not allow Ferguson's malice to be imputed to Melara. "We consider [a] challenged instruction in the context of the instructions and record as a whole to determine whether it was reasonably likely the jury misapplied the law" (*People v. Vang* (2022) 82 Cal.App.5th 64, 84), and "presume that jurors follow the instructions provided by the court in the absence of a showing to the contrary." (*People v. Daveggio and Michaud, supra,* 4 Cal.5th at p. 821.) Melara makes no such showing here.

In addition, Melara does not attempt to connect his argument to changes to section 188 or 189. Eligibility for relief under section 1172.6 requires a showing that "[t]he petitioner could not presently be convicted of murder or attempted murder *because of changes* to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3), italics added.) The "changes" refer to substantive amendments to section 189, involving the

13

felony murder rule, and section 188, which now states that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (*Curiel, supra*, 15 Cal.5th at p. 461, quoting § 188, subd. (a)(3).) Section 188, subdivision (a)(3) states that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought." Here, the jury instructions made clear that for all three convictions, the jury was required to find that Melara acted with malice aforethought.

Any contention that Melara's jury was improperly instructed at the time of trial cannot support a petition for resentencing under section 1172.6 as a matter of law. "[A] section 1172.6 petitioner cannot establish a prima facie case for relief by asserting that the jury instructions permitted conviction on a theory of imputed malice that was already prohibited even before the enactment of Senate Bill No. 1437. This amounts to 'a routine claim of instructional error' that 'could have been raised on appeal from the judgment of conviction.'" (*People v. Berry-Vierwinden, supra,* 97 Cal.App.5th at p. 936, citing *People v. Flores* (2023) 96 Cal.App.5th 1164, 1173 ["Flores's argument reduces to a claim that the instructions given at his trial did not clearly require the jury to find that he personally acted with malice to find him guilty of provocative act murder, and instead let the jury impute malice from Paez to him. Such a routine claim of instructional error could have been asserted on appeal from the judgment of conviction"], and *People v. Burns* (2023) 95 Cal.App.5th 862, 867-868 [rejecting a similar argument based on "equally guilty" language in instruction CALCRIM No. 400, and stating that the petitioner's "remedy for any alleged instructional error that affected the verdict was his appeal from the judgment of conviction.[ ] His failure to raise the argument on direct

14

appeal forfeited that claim [citation], and the subsequent petition process created by the Legislature when it enacted Senate Bill No. 1437 did nothing to change the applicable law so as to resurrect an argument he had already abandoned."].)

The jury instructions and verdicts therefore foreclose the possibility that Melara was convicted under any now-invalid theory. He was ineligible for resentencing as a matter of law and his petition was appropriately denied at the prima facie stage.

## DISPOSITION

The order denying Melara's petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

ZUKIN, ACTING P. J.

MORI, J.