Filed 7/22/22 P. v. Weary CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094201 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE002234) |
| v. | |
| ANDRE WEARY, | |
| Defendant and Appellant. | |

After a jury found him guilty of vandalism causing at least $400 in damage (Pen. Code, § 594, subd. (b)),[1] the trial court placed defendant Andre Weary on formal probation for a period of two years. On appeal, defendant contends there was insufficient evidence he committed vandalism. Disagreeing, we affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Around 3:00 a.m. one day in November 2018, a casino's surveillance camera captured defendant (who later said he was upset because he had lost money while gambling) hit a wall with his hand moments before he entered a men's bathroom. Defendant left the bathroom 27 seconds later. One minute afterwards, water was coming out of the bathroom and spreading onto the casino's carpeted floor.

About three minutes *before* defendant entered the bathroom, a man who worked at the casino *left* the bathroom, and testified at trial that he used one of two urinals (which were right next to each other). The man saw no water leaking out of either urinal or the wall and saw nothing broken or damaged.

A casino security guard who responded to a report of "a flood coming out of the men's restroom," saw water "gushing" out of a hole in the wall above a urinal. In the two years that he worked at the casino before the incident, that security guard had never seen any water leaks in the men's bathroom.

A plumber whose business repaired the problem, and who testified as an expert witness at trial, explained that pictures of the damaged urinal pipe taken by his employee before repair reflected no corrosion where a hole was found. The plumber further testified that the urinal pipe would not have leaked or broken on its own, but as a result of "forceful" "side to side" movements. "[I]t wouldn't be one hit, it would be back and forth several times," the expert explained.

A detective testified at trial that, in a phone call that occurred about two months after the bathroom incident, defendant told him that when he was inside the bathroom, a urinal was spraying water and got his shirt wet. Defendant got upset and left without telling anybody about the malfunctioning urinal because it "wasn't his business." When the detective told defendant that he intended to seek a warrant for defendant's arrest, defendant wondered how the detective would prove that defendant did anything wrong, as there were no witnesses.

2

Testifying in his own defense, defendant explained that, while he had lost around $300 that night, he had lost "a lot more" at other times, and though "upset," he was not angry when he struck the wall just before entering the bathroom. When defendant approached a urinal, he saw that the one he wanted to use was full of urine, and the other urinal was leaking. When defendant "pushed the flush button" on the urinal he wanted to use, "that's when everything happened." The piping connected to the top of the other urinal came loose and started spraying water out.

"[S]haken" by the mishap, defendant "panicked and left." He did not report the problem to anyone in the casino because he feared "they would assume [he] did something."

A jury found defendant guilty of vandalism causing at least $400 in damage. (§ 594, subd. (b).) In June 2021, the trial court suspended imposition of sentence and placed defendant on formal probation for two years.

Defendant timely appealed.[2]

## DISCUSSION

One commits vandalism by maliciously damaging, destroying, or defacing with graffiti any real or personal property that is not one's own. (§ 594, subd. (a).)

Defendant argues there was insufficient evidence he committed vandalism, as the prosecution "failed to prove [he] caused the damage to the pipe in the casino bathroom." The People argue there was sufficient circumstantial evidence of defendant's guilt. We agree with the People.

"In reviewing a criminal conviction challenged as lacking evidentiary support, ' "the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is

---

[2] This case was fully briefed and assigned to this panel on June 1, 2022.

3

reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' [Citation.] The same standard of review applies to cases in which the prosecution relies mainly on circumstantial evidence [citation] . . . [citation]. An appellate court must accept logical inferences that the jury might have drawn from the circumstantial evidence." (*People v. Maury* (2003) 30 Cal.4th 342, 396.)

" 'Before the judgment of the trial court can be set aside for the insufficiency of the evidence, it must clearly appear that on no hypothesis whatever is there sufficient substantial evidence to support the verdict of the [finder of fact].' " (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)

Here, circumstantial evidence reflected defendant caused the damage to the pipe in the casino bathroom in November 2018: (a) a man who left the bathroom minutes before defendant entered, testified nothing was wrong with the pipes and there was no water leaking when he was in the bathroom; (b) moments before defendant entered the bathroom, he hit a wall because he was upset about his gambling losses (motive); (c) defendant was in the bathroom for about 30 seconds (opportunity); (d) about one minute after defendant left the bathroom, water was spreading from the bathroom floor into the casino area (temporal proximity); and (e) an expert testified the pipe above a urinal broke due to forceful side-to-side movement. Taken together, this is sufficient circumstantial evidence for a rational trier of fact to determine beyond a reasonable doubt that defendant caused the damage to the urinal piping. (Cf. *People v. Jones* (2011) 51 Cal.4th 346, 380 ["very strong circumstantial evidence of defendant's identity as" a perpetrator existed, as "[w]ithin a very few minutes of the robbery, defendant and another man were trapped inside a nearby apartment with the stolen property"].)

Defendant's contention that it is "unreasonable to believe" that defendant "could have caused" the damage to the bathroom piping "in that short span of time," is not persuasive. Defendant provides no citation to the record in support of the assertion, and

the expert witness testified that the pipe likely broke due to "several" forceful "back and forth" movements—an event which quite plausibly can occur in mere seconds.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
EARL, J.

We concur:


_____/s/_____
HULL, Acting P. J.


_____/s/_____
RENNER, J.