Filed 1/8/26  Manson v. State of California CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ARSEN MANSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>STATE OF CALIFORNIA, ET AL.,<br><br>    Defendants and Respondents. | B345846<br><br>(Los Angeles County Super. Ct. No. 24STCV07098) |

APPEAL from an order of the Superior Court of Los Angeles County.  Thomas D. Long, Judge.  Affirmed.

Arsen Manson, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Iveta Ovsepyan, Assistant Attorney General, Elizabeth S. Angres and Tammy Kim, Deputy Attorneys General, for Defendants and Respondents.

————————————

Plaintiff and appellant Arsen Manson, appearing in propria persona, appeals from the trial court's orders sustaining a demurrer and dismissing his first amended complaint (FAC) with prejudice as to defendants State of California and Laura Simpton, a hearing officer with the California Victims Compensation Board (CVCB) (collectively, respondents).[1]  We affirm.

## DISCUSSION

The trial court described the FAC as "largely unintelligible" and "alleg[ing] no facts whatsoever as to any wrongful conduct by the [respondents] to provide any notice of the conduct or bases for which they are sued."  That description is accurate, and it also applies to Manson's briefs in this appeal.

This much can be gleaned from the record:  In 2013, a jury convicted Manson of six felony counts related to marijuana possession and sales.  (Health & Saf. Code, §§ 11360, subd. (a), 11359.)  He allegedly served a prison sentence of two years and 10 days.[2]  In 2017, following the enactment of drug reform laws, Manson's convictions were reduced to misdemeanors.  (Health & Saf. Code, § 11361.8, subd. (e).)  In 2019, the trial court dismissed his convictions.  (Pen. Code, § 1203.4a, subd. (a) [allowing

---

[1]  "The order sustaining the demurrers . . . is not itself appealable, but review . . . may be had in an appeal from the ultimate order of dismissal."  (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 611.)

[2]  In the FAC, Manson claims to have served one year of probation.  A prior appellate court decision included in the record (*People v. Manson* (Nov. 15, 2018, B284591) [nonpub. opn.]) says Manson "was not granted probation on his convictions."

dismissal of misdemeanor convictions if the defendant served his sentence and met other statutory conditions].)[3]  His criminal record was sealed in 2022.  (§ 851.93.)

Prior to March 2023, Manson filed a CVCB "claim for compensation as an erroneously convicted person[.]"  On April 21, 2023, Simpton denied his claim, explaining, inter alia, that (1) Manson was ineligible for the compensation he claimed because "none of [his] challenged convictions were reversed by habeas or sections 1473.6 or 14[]73.7" (§ 4900, subd. (b)) and his criminal "records were sealed based solely upon the absence of a conviction resulting from the arrest and not due to any finding of factual innocence"; (2) the claim was incomplete and procedurally deficient; and (3) the claim "[wa]s successive because [his] previous claim . . . was likewise rejected upon the same grounds."  Simpton informed Manson that he could appeal the CVCB's decision "by filing a petition for writ of mandate . . . within . . . 90[] day[s]."

On March 21, 2024, Manson, acting in propria persona, sued the State of California and Simpton.  Six months later, he filed the FAC.[4]  Respondents demurred to the FAC in its entirety, arguing, among other things, that the pleading was "so ambiguous and unintelligible that [respondents] are unable to reasonably respond."

---

[3]     All further statutory references are to the Penal Code unless otherwise noted.

[4]     The FAC added several other defendants, including law enforcement and judicial officers who had some part in Manson's legal history.  None of the new defendants are part of this appeal.

After a hearing, the trial court sustained the demurrer because the pleadings were "largely unintelligible[,]" procedurally flawed, and time-barred. Because Manson "did not show how he c[ould] amend to remedy the defects, no leave to amend [wa]s granted[.]" The court thus entered an order of dismissal, with prejudice, as to respondents.

Manson timely appealed. However, his appellate briefs are as defective as his trial court pleadings. In addition to being disorganized and incoherent, the briefs fail to comply with basic appellate principles.[5]

Most crucially, Manson argues only that (1) "the origin[al] trial court" committed errors during his 2013 criminal trial, and (2) opposing counsel erred in her description of the drug reform law that led to the reduction and dismissal of Manson's felony convictions.[6] He does not identify any legal errors committed by the trial court in this case when it sustained the demurrer without leave to amend and dismissed it. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 ["Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error."].)

---

[5] Manson's choice to act as his own attorney on appeal does not entitle him to any leniency as to the rules of practice and procedure. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

[6] Even assuming arguendo that respondent's counsel so erred, that would not support reversal. The nature of these drug reform laws was not relevant to the order dismissing the FAC for procedural deficiencies in the pleading.

Absent a showing of relevant legal error, the challenged order must be affirmed.

### DISPOSITION

The order is affirmed.  The parties shall bear their own costs on appeal.


_____, J.
SIGGINS*

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.