Filed 4/10/26  P. v. Davis CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084971 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD175727) |
| ANTOINE MAURICE DAVIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Eric A. Swenson and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

Antoine Maurice Davis challenges the trial court's decision not to shorten his sentence of 25 years to life under Penal Code[1] section 1172.1. He claims that the court failed to apply a statutory presumption that favored resentencing him to a lower prison term. Davis also asserts that the court made erroneous assumptions about the length of a hypothetical sentence he says it used as a benchmark for its decision. Based on our review of the record, this statutory presumption does not apply to Davis's case and the court's assumptions concerning the hypothetical sentence were neither mistaken nor significant. Accordingly, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Davis was convicted by a jury of forcible rape while acting in concert with his codefendant Michael Shephard (§§ 261, subd. (a)(2), 264.1); oral copulation by force or fear (former § 288a, subd. (c)(2)); kidnapping for robbery (§ 209, subd. (b)(1)); two counts of robbery (§ 211); and conspiracy to commit a crime (§ 182, subd. (a)(1)). The jury found true the allegations that in committing the first two offenses, Davis kidnapped the victim and by doing so substantially increased her risk of harm (§ 667.61, subd. (d)) and personally used a firearm (§ 12022.53, subd. (b)).[2]

In May 2005, the court sentenced Davis to 25 years to life, the lowest term available. At the beginning of the sentencing hearing, the court mentioned that it would have considered a lesser sentence if one had been

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Shephard was convicted by a jury of forcible rape while acting in concert with Davis (§§ 261, subd. (a)(2), 264.1), kidnapping (§ 207, subd. (a)), and conspiracy to commit robbery (§§ 182, subd. (a)(2) & 211).

possible because Davis indicated a desire to plead guilty, but was precluded from doing so because the People would only accept a plea from him if Shephard also pleaded guilty, which he was unwilling to do.

Several years after Davis was sentenced, the Legislature enacted former section 1170.03, later renumbered to section 1172.1, "as a statutory exception to the general rule that trial court lacks jurisdiction to modify a sentence after judgment is rendered and execution of the sentence has begun." (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045.) Under section 1172.1, a court may recall a defendant's sentence and resentence him or her to a shorter term. (*Id.*, subd. (a)(1).) A request for a recall and resentencing may be made at any time by one of the statutorily designated state officials or agencies. (*Ibid.*) As relevant here, a court may also initiate these procedures on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (*Ibid.*) Defendants are not entitled to petition for resentencing under this statute. (*Id.*, subd. (c).) They may request that a court take up the matter on its own motion, but the court is under no obligation to respond. (*Ibid.*)

In April 2024, the trial court responded to a resentencing request from Davis by recalling his sentence on its own motion.[3] The court then issued a

---

[3] No one disputes that section 1172.1 provided the court with the authority to do so.

written decision in August 2024 declining to shorten Davis's sentence.[4] Although the court thought Davis had made "definite progress" in his rehabilitation, it believed that resentencing him would not be appropriate in light of the fact that he was denied parole in 2023 based in part on his need to "address the sexual assault component of his offenses." The court also noted that he had spent less time in custody "than the time that was discussed of a potential plea deal of 23 to 24 years at the time of sentencing."

## DISCUSSION

Davis claims the trial court committed two errors in reimposing his original sentence. He first argues that the court failed to recognize that "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(2).) The court erred, in his view, because it made no such finding.

Davis also contends that the People offered to resolve his case with a 23- to 24-year sentence and that the court used the fact that he had not served an amount of time commensurate with the full hypothetical term as a basis not to reduce his sentence. He believes the court's reasoning was based on a misunderstanding of fact because it did not take into account that he would have accrued enough worktime credits under section 2933 to have

---

[4]    In its words, the trial court "vacated" the recall. In reality, it recalled Davis's sentence and then resentenced him to the same term as the original sentence. (See *People v. Griggs* (2025) 109 Cal.App.5th 1231, 1235—1236; § 1172.1, subd. (a)(1) [any new sentence must be "no greater than the initial sentence"].)

4

served out that hypothetical term before the resentencing hearing was conducted.[5]

We review the court's order declining to resentence Davis for abuse of discretion. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863–864.) To show an abuse of discretion, "a defendant must establish the court 'act[ed] while unaware of the scope of its discretion' [citation], 'considered impermissible factors' [citation], or made a choice 'so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Olea* (2025) 115 Cal.App.5th 889, 902–903.)

Davis's first allegation of error concerns the meaning of statutory language and thus presents a question of law that we decide independently. (*R.D. v. Superior Court* (2025) 108 Cal.App.5th 1227, 1239.) "Our fundamental task in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law." (*Ibid.*) The first step in this analysis is to "give the words of a statute their ordinary and usual meaning and construe them in the context of the statute as a whole." (*Ibid.*) If we are unable to determine legislative intent from the statute's plain language in its context, we then consult other interpretative aids. (*Id.* at pp. 1242–1243.)

The first step disposes of Davis's argument. He relies on the presumption articulated in subdivision (b)(2) of section 1172.1. But the introductory clause states that the entirety of subdivision (b) applies only in limited circumstances, specifically if and only if "a resentencing request

---

[5] Most inmates earn one day of worktime credit for each day they take part in work, educational, or rehabilitation programs. (§ 2933, subd. (b).) But inmates convicted of certain violent felonies—such as forcible rape—are statutorily precluded from accruing aggregate worktime credit of more than 15 percent of their sentences. (§ 2933.1, subd. (a), citing § 667.5, subd. (c).)

pursuant to subdivision (a) is from the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, a county correctional administrator, a district attorney, or the Attorney General . . . ." Here, there was no resentencing request from one of the named individuals or agencies. The *court* recalled Davis's sentence on its own motion. That the introductory clause of subdivision (b) omits any mention of a recall and resentencing on a court's own motion shows that lawmakers did not intend for the presumption in subdivision (b)(2) to apply in that context. (*In re J.W.* (2002) 29 Cal.4th 200, 209 ["the expression of one thing in a statute ordinarily implies the exclusion of other things"].)

Davis's second claim of error suggests the judge made a mistake of fact in believing he had not yet served sufficient time in custody to satisfy a hypothetical 23- or 24-year prison term that was part of a plea offer that Davis was precluded from accepting. We read the record differently, which is to say that the record regarding the details of any plea discussions is far from clear. There is no evidence that the prosecution ever offered Davis a plea deal at 23 or 24 years in prison. The prosecutor's notes reflected that his office "didn't actually put out a number." The court expressed a recollection "off the top of my head" that something "around a 23-year term" was discussed. Defense counsel thought "maybe *the court* threw out 23, 24." (Italics added.)

So when the judge commented that Davis's "time in custody to date is less than the time that was discussed" during plea negotiations, she appears to be referring to a hypothetical 23- or 24-year prison term that *she* suggested might be fair on some level. More importantly, the comment was made after the court explained that the primary reason for declining to impose a lesser sentence was the need for Davis to "address the sexual assault component

6

of his offenses." There is nothing to indicate that the court misunderstood or misapplied *its own* earlier suggested resolution of the case. Rather, the judge apparently thought a determinate term in the neighborhood of 23 or 24 years inclusive of any accruable credits toward that sentence would have been a "fair" disposition of the case. Davis, who bears the burden to affirmatively demonstrate error (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573), offers no evidence that would require a different interpretation.

For all these reasons, we conclude the court did not abuse its discretion in declining to resentence Davis to a shorter prison term.

## DISPOSITION

The judgment is affirmed.

DATO, Acting P. J.

WE CONCUR:

KELETY, J.

CASTILLO, J.

7