Filed 4/16/26  P. v. Bell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>CALVIN HOMA BELL,<br><br>      Defendant and Appellant. | C102732<br><br>(Super. Ct. No. 111390) |

Defendant Calvin Homa Bell appeals from his resentencing pursuant to Penal Code section 1172.75.[1]  He argues the trial court insufficiently reduced his sentence, abused its discretion in declining to strike his enhancements, and improperly reimposed the upper term for certain convictions.  Finding no merit to these contentions, we affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

## FACTS AND PROCEEDINGS

In 1992, a jury found defendant guilty of kidnapping for ransom (§ 209; count 1), two counts of assault with a firearm (§ 245, subd. (a)(2); counts 2 and 11), three counts of robbery (§ 211; counts 3, 7, and 8), two counts of unlawful taking of a vehicle (Veh. Code, § 10851; counts 4 and 9), kidnapping for robbery (§ 209; count 5), kidnapping (§ 207; count 6), false imprisonment (§ 236; count 12), assault with a deadly weapon (§ 245, subd. (a)(1); count 13), fleeing a pursuing peace officer (Veh. Code, § 2800.2; count 14), possession of a sawed-off shotgun (former § 12020; count 15), and unlawful possession of a firearm (former § 12021; count 16). As to counts 1, 2, 3, 5, 6, 7, 8, 11, 12, and 13, the jury found true that defendant personally used a firearm. (§ 12022.5, subd. (a).) As to counts 11 and 13, the jury found true that defendant personally inflicted great bodily injury. (§ 12022.7.)

On direct appeal, we concluded the trial court improperly instructed the jury as to count 5. (*People v. Bell* (Feb. 28, 1994, C014548) [nonpub. opn.].) We reversed that conviction "unless the People accept a reduction of the conviction to simple kidnapping. If, after filing of the remittitur in the trial court, the People do not bring defendant to retrial on the kidnapping for robbery count . . . the trial court shall proceed as if the remittitur constitutes a modification of the judgment to reflect a conviction of simple kidnapping and shall resentence defendant accordingly." (*Ibid.*.)

On remand, the People elected not to retry defendant with respect to count 5 and the trial court modified the conviction for that count to be a violation of section 207, kidnapping, as a lesser included offense. Following this modification, defendant's sentence was as follows: (1) life with the possibility of parole for count 1 plus four years for the associated firearm enhancement; (2) eight years (the upper term) for count 6 plus four years for the associated firearm enhancement; (3) four years (the upper term) for count 2 plus four years for the associated firearm enhancement, both stayed pursuant to section 654; (4) one year (one-third of the middle term) for count 3 plus four years for the

associated firearm enhancement, with the sentence for the enhancement stayed; (5) four years (the upper term) for count 4, stayed; (6) one year, eight months (one-third of the middle term) for count 5 plus four years for the associated firearm enhancement, with the sentence for the enhancement stayed; (7) five years (the upper term) for count 7 plus four years for the associated firearm enhancement, both stayed; (8) one year (one-third of the middle term) for count 8 plus four years for the associated firearm enhancement, with the sentence for the enhancement stayed; (9) four years (the upper term) for count 9, stayed; (10) one year (one-third of the middle term) for count 11 plus one year, four months (one-third of the middle term) for the associated firearm enhancement and three years for the associated great bodily injury enhancement, with the sentence for the great bodily injury enhancement stayed; (11) eight months (one-third of the middle term) for count 12 plus one year, four months (one-third of the middle term) for the associated firearm enhancement; (12) one year (one-third of the middle term) for count 13 plus one year (one-third of the middle term) for the associated great bodily injury enhancement and four years for the associated firearm enhancement, with the sentence for the firearm enhancement stayed; (13) eight months (one-third of the middle term) for count 14; (14) three years (the upper term) for count 15, stayed; (15) eight months (one-third of the middle term) for count 16; and (16) two one-year sentences for having served prior prison terms (§ 667.5, subd. (b)). Defendant's aggregate sentence was 29 years four months plus life imprisonment.

In 2023, the Department of Corrections identified defendant as an individual eligible for resentencing pursuant to section 1172.75. The trial court reviewed the case and found that defendant appeared to qualify for relief.

In his resentencing brief, defendant argued he was entitled to have the two one-year prison prior terms removed from his sentence. He further argued the court should dismiss all the firearm and great bodily injury enhancements pursuant to section 1385. In support of his case, defendant submitted that he had made significant rehabilitative

3

efforts and completed numerous courses and programs. He also argued that because he was 57 years old, he did not present a risk for future violence. Finally, defendant contended that, due to Senate Bill No. 567 (2020-2021 Reg. Sess.), he could no longer be sentenced to the upper term because aggravating circumstances were not stipulated to or found beyond a reasonable doubt by a jury.

The People agreed that defendant's two one-year prison prior sentences should be dismissed. But the People argued the trial court should decline to dismiss the enhancements because doing so would endanger public safety. In support, the People pointed out that defendant had committed numerous rule violations while incarcerated, including two violations for battery on an inmate and one violation for a stabbing assault on an inmate.

At the resentencing, the trial court struck the two one-year prison prior sentences. In considering whether to strike the additional enhancements, the court acknowledged it "must afford the mitigating circumstances of Penal Code Section 1385(c)(2) great weight toward dismissal of the enhancement unless the Court finds that dismissal of the enhancement would endanger public safety. Endanger public safety means that there is a likelihood that the dismissal of the enhancement would result in physical injury or serious danger to others." The court declined to dismiss the enhancements, explaining "that the most recent rule violation while incarcerated for the defendant was in April of this year for disobeying an order. [¶] In addition, the defendant has a number of sustained rule violations for violence upon others. These include the use of weapons, which also includes an offense that accuses or alleges stabbing, possession of contraband, and possession of escape paraphernalia. [¶] These violations are constant, uninterrupted and ranging from 1989 to 2024 and fly in the face of rehabilitation. [¶] Given the clear and convincing evidence, the defendant has not changed his criminal mindset as demonstrated by his continuous rule violations while incarcerated. This Court finds that imposing a lesser sentence would endanger public safety. [¶] Going one step further, even in giving

4

the arguably mitigating factors great weight as required, the Court finds them to be substantially outweighed by post-conviction behavior that is aggravating in nature. [¶] As such, the Court finds that pursuant to Penal Code Section 1385(c)(2), dismissal of any enhancements would endanger public safety. And I will not exercise my discretion to do so."

The trial court reimposed the same sentence previously imposed with three exceptions: (1) the court did not impose the two one-year terms for the prison priors; (2) for count 5, the court imposed three years (the lower term) instead of one year eight months (one-third of the middle term); and (3) for the great bodily injury enhancement associated with count 13, the court imposed three years but stayed the sentence. Defendant's aggregate sentence for his determinate term was reduced from 29 years four months to 27 years eight months.

Defendant timely appealed.

## DISCUSSION

Defendant first argues the trial court erred by imposing a determinate term of 27 years eight months. He contends that removal of the two one-year prison priors should have resulted in his determinate term decreasing from 29 years four months to 27 years *four* months. In making this argument, defendant fails to acknowledge that the trial court made other changes to his sentence at the resentencing. He presents no argument that these other changes were improper or incorrect; indeed, in his opening brief, he cites *no* statutory or case authority in support of his claim. In his reply brief, defendant cites to section 1172.75, subdivision (d)(1) for the proposition that resentencing "shall result in a shorter sentence" than the one originally imposed as a result of the elimination of the repealed enhancement. But the resentencing *did* result in a lesser sentence, as the trial court struck defendant's prior prison term enhancements (see *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1156) and the resulting aggregate sentence was shorter than his prior aggregate sentence.

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) Here, defendant has failed to affirmatively demonstrate error regarding his new aggregate determinate sentence. Accordingly, we reject this claim.

Next, defendant contends the trial court abused its discretion in several respects by declining to dismiss his other enhancements.

Section 1385, subdivision (a) provides that the "judge or magistrate may . . . in furtherance of justice, order an action to be dismissed." Section 1385, subdivision (c)(1) further provides: "[T]he court shall dismiss an enhancement if it is in the furtherance of justice to do so." "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances" listed in the statute "are present." (§ 1385, subd. (c)(2).) Presence of any of "these [mitigating] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Ibid*.)

We review the trial court's decision not to strike an enhancement under section 1385 for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion" ' to dismiss a sentencing [enhancement] under section 1385, or 'where the court considered impermissible factors in declining to dismiss.' " (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.

6

[Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." '  [Citation.]  Second, a ' "decision will not be reversed merely because reasonable people might disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' "  (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

Defendant first argues the trial court abused its discretion because dismissing the enhancements would have been in the furtherance of justice given defendant's age and his efforts toward rehabilitation.  We disagree.  The court correctly articulated the relevant standard and explained that defendant's repeated rules violations "fly in the face of rehabilitation" and show that "defendant has not changed his criminal mindset."  Defendant fails to show how this reasoning is irrational or arbitrary.

Defendant next argues that the trial court failed to make a finding "that striking or staying the enhancements would 'endanger public safety.' "  This assertion is belied by the record, as the trial court expressly stated when ruling that "imposing a lesser sentence would endanger public safety."

Defendant also argues the trial court erred in not dismissing the enhancements because the court only considered whether defendant *currently* posed a danger to public safety.  In support, defendant relies on *People v. Gonzalez* (2024) 103 Cal.App.5th 215.  There, in declining to dismiss an enhancement under section 1385, the trial court only considered whether the defendant " 'currently at the time of sentencing represent[ed] a danger to society.' "  (*Gonzalez*, at p. 223.)  The appellate court concluded this was error, explaining that " '[d]etermining whether resentencing a defendant poses an unreasonable risk of danger to society is necessarily a forward-looking inquiry.' "  (*Id*. at p. 229.)

Defendant claims the trial court similarly erred in the present case but, again, this assertion is readily contradicted by the record.  The court explained that "[e]ndanger public safety means that there is a likelihood that the dismissal of the enhancement would

7

result in physical injury or serious danger to others" and concluded that "imposing a lesser sentence would endanger public safety." There is no indication the court limited its inquiry to whether defendant was presently a danger to public safety. (Cf. *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390 ["Absent evidence to the contrary, we presume that the trial court knew and applied the governing law"].)

Finally, defendant argues the trial court erred in reimposing the upper term sentence for some of his offenses without articulating aggravating circumstances.

Section 1170, subdivision (b)(2) now provides that the trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." In *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*), the California Supreme Court explained that, under section 1170, subdivision (b), "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence." (*Lynch,* at p. 768.)

At the same time, section 1172.75, subdivision (d)(4) provides that "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

As defendant recognizes, there is a split of authority on whether amended section 1170, subdivision (b)'s proof requirements apply in a section 1172.75 resentencing proceeding where a defendant was originally sentenced to the upper term. (Compare *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458 (*Brannon-Thompson*) [aggravating factors need not be found true beyond a reasonable doubt in a § 1172.75

8

proceeding when the upper term was previously imposed] with *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 328-330 [disagreeing with *Brannon-Thompson* given *Lynch*'s U.S. Const., 6th Amend. concerns].)

In *Brannon-Thompson*, this court found the plain language of section 1172.75, subdivision (d)(4) indicated the Legislature "intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466-467.) As such, section 1172.75, subdivision (d)(4) creates "an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*Brannon-Thompson*, at p. 467.)

In *Gonzalez*, the appellate court "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*People v. Gonzalez*, *supra*, 107 Cal.App.5th at pp. 328-329.) The *Gonzalez* court, however, feared "reading an exemption into section 1172.75, subdivision (d)(4) . . . and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in [*Lynch*, *supra*, 16 Cal.5th 730]." (*Gonzalez*, at p. 330.)

Our Supreme Court has granted review on this issue. (See *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.) In the meantime, we adhere to *Brannon-Thompson* and respectfully disagree with the *Gonzalez* court's analysis. There is no dispute that, under *Lynch*, the additional factual determinations required to impose the upper term under section 1170, subdivision (b) implicate the Sixth Amendment to the United States Constitution's right to jury trial. But section 1172.75, subdivision (d)(4) "carves out an exception" to the factfinding requirements of section 1170, subdivision (b). (*Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 458.) Because those factfinding requirements do not apply when

9

reimposing the upper term at a section 1172.75 resentencing, the Sixth Amendment is not implicated. (See *People v. Lynch*, *supra*, 16 Cal.5th at p. 759 ["It is the requirement of additional factfinding that brings the Sixth Amendment into play"]; see also *id*. at p. 756 ["in this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].)

Here, because the upper term had previously been imposed for the convictions at issue, under *Brannon-Thompson*, the trial court could reimpose the upper term during the section 1172.75 resentencing without relying on aggravating circumstances proven in accordance with section 1170, subdivision (b).

## DISPOSITION

The judgment is affirmed.


/s/
_____
Duarte, Acting P. J.

We concur:


/s/
_____
Renner, J.


/s/
_____
Wiseman, J.*


_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.