Filed 4/20/26  P. v. Hooks CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>BRADLY GUNNAR HOOKS,<br>    Defendant and Appellant. | C102670<br><br>(Super. Ct. No. 24CR-001424) |

Defendant Bradly Gunnar Hooks pled guilty to assault with a semiautomatic firearm (Pen. Code,[1] § 245, subd. (b)) and admitted an allegation that he personally used a firearm (§ 12022.5, subd. (a)).  Consistent with the plea agreement, the trial court sentenced Hooks to 13 years in state prison.  Hooks appeals issuance of a criminal protective order under section 136.2, subdivision (i) and now contends the trial court erred in issuing a protective order because his conviction is not an enumerated offense under section 136.2, subdivision (i).  We conclude Hooks has failed to meet his burden on appeal because the record does not support his claim.  We affirm the order.

**BACKGROUND**

Hooks drove to the victim's hotel room, got out of his car, and shot at the victim at least three times.  The victim dove out of the way and tried to run back to her hotel room.

---

[1]    Undesignated statutory references are to the Penal Code.

1

Hooks went back to his car and shot at the victim two more times, at one point saying, "die hoe ass bitch." When the victim got back to her room, she retrieved a handgun and shot at Hooks, twice. Hooks got in his car and drove away.

An information charged Hooks with attempted murder (§§ 664/187, subd. (a); count I), assault with a semiautomatic firearm (§ 245, subd. (b); count II), and shooting at an inhabited dwelling (§ 246; count III). It was further alleged as to the attempted murder charge that Hooks personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and as to the assault with a semiautomatic firearm charge that Hooks personally used a firearm (§ 12022.5, subd. (a)). Hooks pled guilty to assault with a semiautomatic firearm (§ 245, subd. (b)) and admitted the personal use of a firearm enhancement (§ 12022.5, subd. (a)). Hooks agreed to a stipulated sentence of the upper term of nine years for the assault conviction plus a consecutive four years for the firearm enhancement for a total of 13 years in state prison. The remaining counts and enhancement were dismissed.

The trial court sentenced Hooks to 13 years in state prison pursuant to the plea agreement. At the prosecution's request, the trial court issued a criminal protective order under section 136.2, subdivision (i) prohibiting contact with the victim for a term of three years. Hooks did not object.

Hooks filed a timely notice of appeal.

## DISCUSSION

Hooks contends the trial court erred in issuing a criminal protective order pursuant to section 136.2, subdivision (i) because his conviction for assault with a semiautomatic firearm (§ 245, subd. (b)) is not an offense enumerated under the statute. The People assert Hooks forfeited this contention by failing to object in the trial court. However, as stated in *People v. Ponce* (2009) 173 Cal.App.4th 378: "As a general rule, an appellant waives issues on appeal that he or she did not initially raise in the trial court. [Citation.] But there are exceptions to this rule for unauthorized sentences and sentencing decisions

2

that are in excess of the trial court's jurisdiction." (*Id.* at p. 381.) "Because this case involves the jurisdictional validity of the trial court's decision to issue a . . . protective order during sentencing, we will consider [the defendant's] claim on the merits." (*Id.* at pp. 381-382.) We take the same approach and consider Hooks' claim on the merits.

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) This presumption also applies to a lower court's orders. (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.) " ' " 'All intendments and presumptions are indulged to support [the order] on matters as to which the record is silent, and error must be affirmatively shown.' " ' " (*Ibid.*) On appeal, Hooks must affirmatively demonstrate error below and provide an adequate record to support his arguments. (*Ibid.*) "[A]ny uncertainty in the record must be resolved against the defendant." (*Ibid.*) We will not presume error. (*Ibid.*)

Hooks is correct that assault with a semiautomatic firearm is not an explicitly enumerated offense under section 136.2, subdivision (i). However, assault with a semiautomatic firearm can qualify under the statute as "a crime involving domestic violence" if Hooks' abusive conduct is directed at someone with a qualifying relationship to him. (Pen. Code, § 13700; Fam. Code, §§ 6203, subd. (a), 6211, subd. (c).) The record on appeal is silent as to the nature of the relationship between Hooks and the victim. Hooks has not remedied this silence with an adequate record from which we can discern whether his conviction constituted a crime involving domestic violence. On this silent record, we indulge all intendments and presumptions to support the criminal protective order, including the existence of a qualifying relationship between Hooks and the victim. Because the record does not support Hooks' claim, he fails to meet his burden on appeal.

## DISPOSITION

The order is affirmed.

/s/
EARL, P. J.

We concur:

/s/
HULL, J.

/s/
MESIWALA, J.